IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Frenchis Gerald Abraham, #296575,<br><br>                Plaintiff,<br><br>vs.<br><br>Yvonne McDonald, RN; Judy Rabon, NP; John E. Ozmint, Director; A. J. Padula, Warden; Doctor NFN Moore, M.D.; Marcus Pratt, LPN,<br><br>                Defendants. | Civil Action No. 6:11-46-RMG-KFM<br><br>**ORDER AND<br>REPORT OF MAGISTRATE JUDGE** |

        This matter is before the court on the plaintiff's motions to amend and for a preliminary injunction. The plaintiff, a prisoner proceeding *pro se*, alleges deliberate indifference to medical needs by employees of the South Carolina Department of Corrections ("SCDC"). Specifically, the plaintiff alleges that the defendants have waited a year to schedule surgery for his "splenic cyst."

        Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

        The plaintiff filed his complaint on January 14, 2011. On February 22, 2011, the plaintiff filed an amended complaint adding new defendants and claims. The defendants filed an answer to the combined original and amended complaint on March 9, 2011. On February 28, 2011, the plaintiff filed a motion to amend seeking to add allegations that have arisen since he filed his complaint. The plaintiff claims that he was scheduled to have surgery on February 24, 2011, and he was transported to Tuomey Medical Center in Sumter, South Carolina, for the procedure. However, the surgery was

postponed because the defendants failed to include his x-rays and other medical reports in his folder. The plaintiff alleges this is a further act of medical indifference.

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course under certain circumstances. As noted above, the plaintiff has already amended his complaint once. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Under the rule's liberal construction, motions to amend should be granted absent extraordinary circumstances. Such circumstances include undue delay, bad faith or dilatory motive, a repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant leave to amend a complaint is within the sound discretion of the district court. *Id.*

The plaintiff's motion to amend is granted. Accordingly, document numbers 1, 20, and 29 comprise the plaintiff's complete complaint.

The plaintiff further moves for a "preliminary injunction to mandate proper and prompt treatment for Plaintiff's splenic cyst." The defendants oppose the motion, arguing the plaintiff has failed to meet his burden of proof. This court agrees. To obtain a preliminary injunction, the plaintiff must demonstrate "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.,* 129 S.C. 365, 374 (2008). The Fourth Circuit Court of Appeals has explained that the *Winter* standard "requires that the plaintiff make a clear showing that it will likely succeed on the merits at trial." *Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009). The court recognized that "[t]he *Winter* requirement that the plaintiff clearly demonstrate that it will likely succeed on the merits is far stricter than the *Blackwelder* requirement that the

2

plaintiff demonstrate only a grave or serious question for litigation." *Id.* at 346-47 (emphasis in original).

The plaintiff's motion does not contain any specific allegations for the purpose of supporting his alleged need for a preliminary injunction. The plaintiff's motion simply contains general conclusory allegations of constitutional deprivations and a general disagreement with the medical treatment he has received and is receiving. The plaintiff makes no demonstration of the likelihood that he will suffer irreparable harm in the event the relief requested is not granted. Essentially, it appears the plaintiff is seeking relief for the same allegations set forth in his complaint. Further, as argued by the defendants, supplanting the decision-making authority of the SCDC medical personnel would likely open the door for a multitude of similar requests that could significantly bog down the provision of medical services throughout the SCDC system (def. opp. to m. for prelim. inj. at 2-3) (citing *Joe v. Ozmint*, C.A. No. 2:08-585-PMD-RSC, 2008 WL 5076858, at **3-4 (D.S.C. 2008) (noting that in order for the court to grant injunctive relief, "a plaintiff must clearly demonstrate that the public interest is served by granting him injunctive relief, and that granting such relief would impose no great hardship upon the officials or the prison system as a whole")).

Wherefore, based upon the foregoing,

IT IS ORDERED that the plaintiff's motion to amend is granted. Further,

IT IS RECOMMENDED that the plaintiff's motion for preliminary injunction be denied.

                                                s/Kevin F. McDonald
                                                United States Magistrate Judge

March 14, 2011
Greenville, South Carolina