IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Frenchis Gerald Abraham, #296575, | ) | Civil Action No. 6:11-cv-46-RMG-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Yvonne McDonald, RN; Judy Rabon, | ) | |
| NP; John E. Ozmint, Director; A. J. | ) | |
| Padula, Warden; Doctor NFN Moore, | ) | |
| M.D.; Marcus Pratt, LPN, | ) | |
| | ) | |
| Defendants. | | |

Plaintiff filed this *pro se* 42 U.S.C. § 1983 action alleging that Defendants were deliberately indifferent to his medical needs. Plaintiff has filed motions to amend and for a preliminary injunction. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C. The Magistrate Judge granted plaintiff's motions to amend and issued a report and recommendation recommending that this Court deny the motion for preliminary injunction. (Dkt. No. 44). Plaintiff has objected to the R&R. (Dkt. No. 53, 54). As shown herein, this Court has reviewed the Record *de novo*, considered Plaintiff's objections, and agrees with the Magistrate's report and adopts it as the order of this Court.

### Law/Analysis

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

1

court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The plaintiff has failed to meet the burden of proof required for this Court to grant a preliminary injunction. As addressed in the R&R, to obtain a preliminary injunction, the plaintiff must demonstrate "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 129 S.Ct. 365, 374 (2008). Although plaintiff cites to the *Blackwelder* standard (*Blackwelder Furniture Co. v. Sielis Manuf. Co.*, 555 F.2d 189 (4th Cir. 1977)) in his objections, the Fourth Circuit Court of Appeals has clearly stated that the *Winter* standard governs the issuance of preliminary injunction in the Fourth Circuit and all other federal courts. *Id.* at 347. Plaintiff's motion does not include specific support for a preliminary injunction and he fails to explain how he would suffer irreparable harm if the motion is not granted. Moreover, defendants correctly argue that granting this motion would create an undesirable and inefficient precedent. (Def. opp. to m. for prelim. inj. at 2-3) (citing *Joe v. Ozmint*, C.A. No. 2:08-585-PMD-RSC, 2008 WL 5076858, at **3-4 (D.S.C. 2008) (noting that in order for the court to grant injunctive relief, "a plaintiff must clearly demonstrate that the public interest is served by granting him injunctive relief, and that granting such relief would impose no great hardship upon the officials or the prison system as a whole")).

## CONCLUSION

After the review of the record, magistrate judge's Report and Recommendation, and the relevant case law, this Court adopts the Magistrate Judge's Report and Recommendation and the plaintiff's motion for preliminary injunction is **DENIED**.

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

March 25, 2011
Charleston, South Carolina

3