IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Frenchis Gerald Abraham, #296575, )<br> )<br>                Plaintiff, )<br> )<br>   vs. )<br> )<br>Yvonne McDonald, et al., )<br> )<br>                Defendants. )<br> ) | Civil Action No. 6:11-46-RMG-KFM<br><br>**O R D E R** |

       This matter is before the court on the plaintiff's motion for access to legal supplies (doc. 38). The plaintiff, a prisoner proceeding *pro se*, alleges deliberate indifference to medical needs by employees of the South Carolina Department of Corrections ("SCDC"). Specifically, the plaintiff alleges that the defendants have waited a year to schedule surgery for his "splenic cyst."

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

       The plaintiff is currently incarcerated at Lee Correctional Institution ("LCI") in the Special Management Unit ("SMU"). In his motion, the plaintiff complains that he has been limited to 20 sheets of paper, five envelopes, two pens, and two manila envelopes. He claims this is an inadequate supply of materials for him to pursue his case. He claims that "[i]f this custom goes uncorrected it could hinder my compliance to court procedure and affect the process and progress of my case. Further, it would violate my constitutional rights" (m. for legal supplies at 2).

The defendants oppose the motion, arguing that there is no indication that the plaintiff has been hindered in his ability to pursue this case, nor has he presented evidence that shows a lack of access to writing paper, envelopes, or like materials has resulted in his being denied adequate access to the courts. This court agrees. The right of access to the courts is protected by the Due Process and Equal Protection Clauses. *Murray v. Giarratano*, 492 U.S. 1, 11 n.6 (1989). In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id*. at 828. Further, the state must provide an indigent inmate with sufficient paper and writing materials to allow inmates to draft legal documents. *Id.* at 824-25. In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. This requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id.* at 352-53. "The right of access to legal materials does not mean that inmates are entitled to receive an unlimited supply of such paper and writing implements." *Lockamy v. Dunbar*, C.A. No. 5:08-150, 2010 WL 412816, at **17-18 (E.D. Tex. Jan. 28, 2010). As argued by the defendants, the plaintiff has failed to show any actual injury, and his numerous filings in this case demonstrate his ability to secure adequate supplies.

Based upon the foregoing, the plaintiff's motion (doc. 38) is denied.

IT IS SO ORDERED.

March 29, 2011                                      s/Kevin F. McDonald
Greenville, South Carolina                    United States Magistrate Judge